*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *GLENWOOD W., JR.,* | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )   *No. 1:20-cv-00409-JAW* |
| | ) |
| *KILOLO KIJAKAZI,* | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
| | ) |
| *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal raises a narrow issue: whether the ALJ erred in ruling that the plaintiff "constructively waived his right to appear" at hearing and, if so, whether that error was prejudicial, requiring remand. *See* Corrected Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 17) at 5-10. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

### I.  Procedural Background

This case returns to this court following the plaintiff's appeal of an adverse October 7, 2016, decision that culminated, on the commissioner's unopposed motion for remand, in this court's January 29, 2018, order directing that the Appeals Council affirm that the plaintiff was disabled as of April 2, 2016 and, as to the period prior thereto, remand the case to an ALJ for

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

further proceedings and the issuance of a new decision. Record at 26-36, 960-65. On May 16, 2018, the Appeals Council signed an order effectuating those directives. *Id.* at 970-71.

The agency's Office of Hearings Operations (OHA) notified the plaintiff by letter dated September 24, 2018, that a post-remand hearing had been scheduled for December 13, 2018, before a new ALJ in Augusta, Maine. *Id.* at 1027-41. On September 25, 2018, the plaintiff returned his acknowledgement of receipt form, checking a box indicating that he would be present at the hearing. *Id.* at 1053. By letter dated November 29, 2018, OHA reminded the plaintiff of his upcoming hearing, warning that if he failed to appear and did not provide a good reason for that failure, the ALJ would dismiss his request for a hearing without further notice. *Id.* at 1054.

The plaintiff failed to appear for the hearing, and, on December 24, 2018, the ALJ issued the plaintiff an order to show cause – defined as "a good reason" – for missing the hearing. *Id.* at 1063-64. The plaintiff completed the show-cause form on December 30, 2018, explaining that he did not appear at the hearing for a variety of reasons, including car problems that he could not afford to fix. *Id.* at 1066.

By letter dated March 1, 2019, OHA notified the plaintiff that his hearing had been rescheduled to May 16, 2019, again in Augusta. *Id.* at 1067-75. The notice again warned of the consequences of failure to attend the hearing. *Id.* at 1067. The plaintiff returned his acknowledgement form a few days later, again checking a box indicating that he would attend the hearing but stating that it would be "a lot easier" for him "to have the hearing in Bangor" and that his car was "having issues" and money was "very tight for that trip." *Id.* at 1096. An internal agency note dated March 27, 2019, indicates that the agency planned to contact the plaintiff to explain that the hearing was scheduled in Augusta because of construction at the Bangor site, *id.* at 1163, and the commissioner represents that the agency communicated that information to the

plaintiff's attorney office that day, Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 19) at 4.

By letter dated May 2, 2019, OHA reminded the plaintiff that his hearing was scheduled for May 16, 2019 at 12:30 p.m., reiterating its warning of the consequences of failure to appear. Record at 1099.  On May 13, 2019, three days before the rescheduled hearing, the plaintiff's counsel notified the ALJ that the plaintiff was "unable to attend his hearing due to lack of transportation[,]" requesting that the hearing be "continued until the hearing site in Bangor has reopened, as this is about 40 miles closer for him" than Augusta, which was more than 100 miles from his home.  *Id*. at 1106.  The ALJ denied the request prior to the hearing, and, although the plaintiff's counsel appeared for the May 16, 2019, hearing, the plaintiff did not.  *Id*. at 864.

Both the ALJ and the plaintiff's attorney questioned the medical expert (ME) and vocational expert (VE) present at hearing, *id*. at 897-916, and the ALJ issued an unfavorable decision dated August 13, 2019, concluding that the plaintiff had "not been under a disability . . . from December 18, 2012, through the date of this decision[,]" Finding 11, *id*. at 879.  She addressed the plaintiff's absence from the hearing at the outset of her decision, explaining:

> The [plaintiff] did not attend the hearing held on May 16, 2019, in Augusta, ME despite the fact that his request for a change of location/postponement was denied prior to the hearing.  I found no good causes existed to grant a change in the location of the scheduled hearing.  The [plaintiff] was informed of the hearing date and location on March 1, 2019.  In his response to that notice the [plaintiff] acknowledged that he would be present but expressed concern that i[t] would be easier for him to attend a hearing [in] Bangor Me because of his issues with his car and finances.  On May 13, 2019[,] the [plaintiff] through his representative requested a postponement of the hearing date until a later time and requested a change in venue to the Bangor Me hearing [s]ite[,] which is not currently operational because of planned renovations.  This request was denied.  The [plaintiff] cited lack of transportation and finances as the basis for his request; I do note that [he] has been in a pay status [with respect to SSI benefits] since April 2, 2016.  The hearing notice allowed for ample time for transportation and financial issues to be resolved.  I declined to postpone the case to a future undetermined date at a currently nonfunctioning hearing [s]ite.  I find that the [plaintiff] constructively

3

waived his right to appear at the hearing and therefore, chose to proceed with taking medical and vocational expert testimony in order to resolve the issues in the claim.

*Id*. at 864 (citations omitted).

The plaintiff's counsel filed a request for review of the ALJ's unfavorable decision by the Appeals Council, arguing that the ALJ had erred in (i) determining, contrary to the Appeals Council's remand order, that the plaintiff was not disabled after April 2, 2016, (ii) failing "to summarize [the plaintiff's] past pertinent testimony for the ME" pursuant to Hearings, Appeals, and Litigation Law Manual ("HALLEX") § I-2-6-70(B), and (iii) finding that the plaintiff had "constructively waived his right to appear at the hearing." *Id*. at 859-60.

The Appeals Council assumed jurisdiction of the case, adopting all of the ALJ's findings except for Finding 11, with respect to which it advised that it intended to issue a "corrective decision" amending that finding to state that the plaintiff had not been disabled from December 18, 2012, through April 1, 2016," leaving its prior finding of disability commencing on April 2, 2016, undisturbed. *Id*. at 1107-08.

In rejecting the plaintiff's remaining points, the Appeals Council explained that (i) the plaintiff had not attended the hearing after the ALJ declined his second request for postponement, (ii) the ALJ had "provided a thorough rationale for" her determination that he had constructively waived his right to appear, and (iii) "it was within the [ALJ]'s discretion to determine whether the [ME] was missing pertinent testimony" pursuant to HALLEX § I-2-6-70(B). *Id*. at 1109. On September 1, 2020, the Appeals Council issued its corrective decision, *id*. at 853-56, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.984(a), (b)(3), 416.984(a), (b)(3); *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

4

## II.  Standard of Review

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## III.  Discussion

The plaintiff contends that the ALJ (i) failed to comply with both 20 C.F.R. § 404.957 and Program Operations Manual System (POMS) § SI 04030.020(A)(6)(b) in dismissing his request for a hearing rather than issuing a second show-cause order, (ii) ran afoul of HALLEX § I-2-4-25 or, in the alternative, violated his right to due process in finding a constructive waiver of his right to appear at hearing, and (iii) transgressed HALLEX § I-2-6-70(B) and violated his right to due process in failing to summarize his 2016 testimony for the ME present at his hearing.  *See* Statement of Errors at 5-10.[3]  I find no reversible error.

### A.  Dismissal of Hearing Request

As the commissioner asserted at oral argument and in her brief, *see* Opposition at 8, the plaintiff's first point misses the mark because the ALJ did not dismiss his hearing request.  In fact, the ALJ found that the plaintiff constructively waived his right to appear at the hearing and then

---

[3] At oral argument, the plaintiff's counsel contended that remand was warranted on the additional basis that the ALJ who heard his case in 2019, Christine Cutter, did not consider his testimony from his 2016 hearing before a different ALJ, Jonathan P. Baird.  Counsel for the commissioner objected that the plaintiff had waived this argument by failing to raise it in his statement of errors.  The commissioner is correct.  *See* Statement of Errors at 5-10.  Accordingly, I sustain the objection and deem this argument waived.  *See, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

proceeded with the hearing with the plaintiff's counsel present. *See* Record at 891-917. The cited authorities, accordingly, are inapposite, rendering remand on this basis unwarranted.

### B.  Finding of Constructive Waiver of Right to Appear

The plaintiff next posits that the ALJ violated HALLEX § I-2-4-25(D)(2), *see* Statement of Errors at 6, which provides that, when a claimant fails to appear for hearing but the claimant's representative appears on his or her behalf, an ALJ may determine that the claimant has constructively waived his or her right to appear only when, *inter alia*, the claimant's representative has been "unable to locate the claimant[,]" HALLEX § I-2-4-25(D)(2). The plaintiff asserts that the ALJ could not and did not make such a finding in this case. *See* Statement of Errors at 6. Alternatively, he argues that the erroneous constructive-waiver finding denied his right to due process. *See id.* at 6, 8. The commissioner concedes that the ALJ failed to address a criterion for a finding of constructive waiver but contends that the point was waived when the plaintiff's counsel neither objected to proceeding in the plaintiff's absence nor requested a supplemental hearing. *See* Opposition at 8-9. She argues that, in any event, the plaintiff has demonstrated no resulting prejudice. *See id.* at 9.

In this circuit, "the HALLEX does not have the force of law." *Lona D. v. Saul*, No. 2:20-cv-00191-JAW, 2021 WL 1788403, at *4 (D. Me. May 4, 2021) (rec. dec. *aff'd*, July 20, 2021) (citing, *inter alia*, *Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 29 (1st Cir. 2017)). Thus, remand cannot be predicated on an asserted HALLEX violation unless that violation also transgresses a claimant's constitutional right to due process. *See, e.g.*, *Wallaga v. Berryhill*, Civil No. 18-cv-687-JL, 2019 WL 2004318, at *6-7 (D.N.H. May 6, 2019) (while a HALLEX violation, "standing alone, is not a reversible error in the First Circuit[,]" it "can also run afoul of a claimant's constitutional right to due process"). Even assuming *arguendo* that the HALLEX violation alleged

6

here breached the plaintiff's due process rights, the plaintiff must demonstrate resulting prejudice to warrant reversal and remand. *See, e.g., Chuculate v. Barnhart,* 170 F. App'x 583, 587 (10th Cir. 2006) (rejecting claim of due-process violation predicated on ALJ's denial of permission to submit post-hearing written question to VE when "the ALJ's failure to forward [claimant]'s unsupported question does not undermine confidence in the result in this case"); *Adams v. Massanari,* 55 F. App'x 279, 286 (6th Cir. 2003) ("Clearly, in this case, the procedure used by the ALJ did not erroneously deprive [claimant] of her interest in the fair determination of her eligibility for benefits, since the ALJ's decision to withhold [a post-hearing] report from the ME had no determinative effect on the outcome of [claimant]'s hearing.").

Here, the plaintiff argues that he "was prejudiced because he was denied the opportunity to explain his pain" and "limitations" resulting from hernias and frequent bowel movements "to the [ME] whose opinion the ALJ based her decision on." Statement of Errors at 8. He asserts that the ME "pointed to areas where in the absence of plaintiff's testimony he was unclear in framing his diagnoses or describing [the plaintiff]'s limitations," and that this is "sufficient to show a due process violation." *Id.* at 10.

However, to obtain a remand on this basis, a claimant must show that the alleged due process violation had a "determinative effect on the outcome" of the case. *York v. Colvin*, No. 1:13-cv-00311-JDL, 2014 WL 4181616, at *5 (D. Me. Aug. 21, 2014) (quoting *Adams,* 55 F. App'x at 286). In *Webber v. Colvin,* this court explained that a claimant failed to demonstrate prejudice when she did not describe "how knowledge of her testimony could have changed [the ME's] opinion of the scope of her [] limitations" and, more specifically, how the missed opportunity "was outcome-determinative." *Webber v. Colvin*, No. 2:15-cv-385-JDL, 2016 WL 11372626, at *6-7 (D. Me. May 8, 2016) (rec. dec., *aff'd* Sept. 13, 2016).

The plaintiff was equally vague here: he has not explained how his testimony regarding the pain and limitations associated with his hernias and bowel movements would have altered the ME's testimony and the outcome of his case. *See* Statement of Errors at 8. Remand, accordingly, is unwarranted on the basis of this second point of error. *See, e.g., Carlin v. Berryhill*, No. 2:17-cv-00175-DBH, 2018 WL 2079504, at *7 (D. Me. May 4, 2018) (rec. dec., *aff'd* May 22, 2018) (to be entitled to a remand on the basis of due process, the "claimant must demonstrate not only the existence of a due process violation but also resulting prejudice").[4]

### C.  Failure to Summarize Plaintiff's Testimony for ME

The plaintiff, finally, maintains that the ALJ violated HALLEX § I-2-6-70(B) when she failed to summarize the plaintiff's 2016 testimony for the ME at the 2019 hearing, thereby also transgressing his due process rights. *See* Statement of Errors at 9-10. Because the plaintiff relies on the same vague argument of prejudice outlined above, I reach the same result. Even assuming that he has shown a due process violation, he has failed to demonstrate the requisite prejudice. Accordingly, remand is unwarranted on the basis of this third and final point of error.

### IV.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

---

[4] As the commissioner further persuasively argues, *see* Opposition at 9-12, the plaintiff also fails to show prejudice insofar as he offers no reason to believe that, had the ALJ issued a second show-cause order pursuant to HALLEX § I-2-4-25(D)(2)(b), she would have found his excuses in response to that order any more compelling than she did in finding that he had constructively waived his right to attend the hearing, *see* Record at 864; *Halliwill v. Comm'r of Soc. Sec.*, Case No. 1:19-cv-197, 2020 WL 5351055, at *4 (W. D. Mich. Mar. 27, 2020) (rec. dec., *aff'd* May 12, 2020) (holding that ALJ supportably found claimant failed to show good cause for missing hearing when, although people who had promised to drive him to the hearing "backed out at the last minute," he had been notified of the hearing date several months in advance; noting, "[i]n this context, good cause includes serious illness, death or serious illness of an immediate family member, being provided incomplete or incorrect information regarding the hearing, and unusual or unavoidable circumstances") (citations and internal quotation marks omitted); HALLEX § I-2-4-25(C)(1) (noting that, while ALJ must base determination of good cause on "the circumstances of each individual case[,]" "good cause generally exists" if a claimant has not been properly notified of the scheduled hearing, "an unforeseeable event . . . prevented the claimant or the appointed representative from notifying the ALJ and requesting a postponement in enough time before the scheduled hearing[,]" or the representative has withdrawn without sufficient notice).

8

### _NOTICE_

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of November, 2021.

 /s/ John H. Rich III
John H. Rich III
United States Magistrate Judge